IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| David Brandon Watson, <br><br> PETITIONER <br><br> v. <br><br> United States of America, <br><br> RESPONDENT | Crim. No. 4:08-cr-01251-TLW <br> C/A No. 4:13-cv-02463-TLW <br><br><br> **Order** |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner David Brandon Watson. For the reasons stated below, the Court dismisses the motion.

## I.     Factual and Procedural History

Petitioner was charged in a four-count indictment with (1) possession with intent to distribute a quantity of cocaine and a quantity of marijuana; (2) possession of a firearm in furtherance of a drug trafficking crime; (3) felon in possession; and (4) possession of a sawed-off shotgun. After being released on bond, he absconded and a bench warrant was issued. He was not taken back into custody for over a year and a half.

After Petitioner was arrested on the bench warrant, his counsel filed a suppression motion. After a full hearing and thorough cross-examination of the Government's witnesses by defense counsel, the Court denied the motion.

After the Court denied the suppression motion, Petitioner pled guilty to Counts 1 and 2.

1

The Court sentenced him to a total aggregate sentence of 90 months.[1]

Petitioner filed a direct appeal. After reviewing the issues raised by Petitioner and by counsel in his *Anders* brief, and after reviewing the record pursuant to *Anders*, the Fourth Circuit affirmed. *United States v. Watson*, 482 F. App'x 837, 839 (4th Cir. 2012).

On September 3, 2013,[2] Petitioner timely filed this § 2255 motion, asserting that he is entitled to relief based on ineffective assistance of counsel. ECF No. 96. The Government filed a response in opposition and a motion for summary judgment, ECF Nos. 104, 105, and trial counsel filed an affidavit, ECF No. 103. Petitioner did not file a reply.

This matter is now ripe for decision.

## II.    28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental

---

[1] This within-guideline sentence consisted of 30 months on Count 1 and 60 months consecutive on Count 2.

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

2

defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 motion, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's *pro se* filings, and finds that no hearing is necessary.

## III.   Standard of Review

Petitioner brings this motion *pro se*. Courts are required to construe liberally pleadings filed by *pro se* litigants to allow for the development of potentially meritorious claims. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). These pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

The Government filed a motion for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At the summary judgment stage, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby Inc.,* 447 U.S. 242, 255 (1986).

3

## IV. Discussion

As noted above, Petitioner asserts one ground for relief in his § 2255 petition—ineffective assistance of counsel. He makes four arguments in support of his position on this ground: (1) counsel did not competently litigate the suppression motion; (2) counsel failed to file a Rule 29 motion; (3) counsel failed to obtain *Brady* and *Giglio* material from the Government; and (4) counsel failed to prevent him from receiving more criminal history points and a higher offense level at sentencing than he should have received.

To prevail on an ineffective assistance of counsel claim, Petitioner must show (1) that counsel's acts or omissions fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988). Failure of proof on either prong ends the matter. *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004). There is "a strong presumption that counsel's conduct falls within the wide range of professional assistance," and Petitioner has the burden of overcoming this presumption. *Strickland*, 466 U.S. at 689. An ineffective assistance of counsel allegation requires the submission of specific facts in support of the claim. *See United States v. Witherspoon*, 231 F.3d 923, 926 (4th Cir. 2000).

### 1. *Suppression motion*

In Petitioner's first claim, he asserts that counsel was ineffective in failing to competently litigate the suppression motion by not properly impeaching one of the officers regarding inconsistencies between his testimony and the incident report, and by not litigating the general wrongfulness of the police conduct. To the contrary, counsel cross-examined the witness about

4

the differences between his testimony and the incident report, and the purpose of the suppression hearing was to address the alleged wrongful conduct by the police. Additionally, the propriety of this Court's ruling on the suppression motion was raised to and ruled on by the Fourth Circuit.

Counsel's handling of the suppression hearing was well within an objective standard of reasonableness, and Petitioner does not explain how handling the suppression hearing differently would have made the outcome any different. *See Strickland*, 466 U.S. at 690 (concluding that counsel's strategic decisions are "virtually unchallengeable"). Accordingly, the Court concludes that he has not satisfied either *Strickland* prong on this claim.

### 2. *Rule 29 motion*

In Petitioner's second claim, he asserts that counsel was ineffective in failing to file a Rule 29 motion. There is no merit to this claim, as Rule 29 motions only apply in the trial context and Petitioner entered a guilty plea.

### 3. **Brady** *and* **Giglio** *material*

In Petitioner's third claim, he asserts that counsel was ineffective in failing to obtain all *Brady* and *Giglio* material from the Government. However, counsel filed the appropriate discovery motions and represents in his affidavit that the Government responded.

Petitioner does not describe the specific discovery that was allegedly withheld from him. He has failed to submit specific facts in support of the claim. *See Witherspoon*, 231 F.3d at 926. Accordingly, the Court concludes that he has not satisfied either *Strickland* prong on this claim.

### 4. *Sentencing*

In Petitioner's fourth claim, he asserts that counsel was ineffective in failing to object to

allegedly improper sentencing guideline calculations. He asserts that he received an extra nine points on his criminal history and eleven points on his offense level computation. He does not explain his argument any further.

As an initial matter, guideline calculation errors generally cannot be brought in a § 2255 proceeding. *United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999).

Furthermore, even if this claim were properly brought under § 2255, there is no merit to the claim. Petitioner's criminal history score was 9 (resulting in a criminal history category of IV), and he has not set forth any basis for excluding some, let alone all, of these criminal history points. His claim about receiving an extra eleven points on his offense level computation is even more unclear—he had a total offense level of fourteen, which resulted from a base offense level of twelve, plus a two-level enhancement for obstruction. He does not explain where he came up with eleven points. Accordingly, the Court concludes that he has not satisfied either *Strickland* prong on this claim.

## V.   Conclusion

For the reasons stated, the Government's Motion for Summary Judgment, ECF No. 105, is **GRANTED** and Petitioner's motion for relief pursuant to § 2255, ECF No. 96, is **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he

may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*<br>Terry L. Wooten<br>Chief United States District Judge

April 14, 2015
Columbia, South Carolina